UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00019

**Christopher Peoples,**
*Plaintiff,*

v.

**Drug Enforcement Agency et al.,**
*Defendants.*

# ORDER

Plaintiff Christopher Peoples, an inmate of the Cherokee County Jail, filed this civil rights lawsuit pro se and *in forma pauperis*. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636(b). Doc. 3.

On October 9, 2024, the magistrate judge issued a report recommending that defendants' motion to dismiss be granted and that this case be dismissed with prejudice. Doc. 47. Plaintiff filed timely written objections. Doc. 51.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge explained that plaintiff has no right to placement in the federal witness protection program or to damages for the failure to place him in the program, and that plaintiff's claims for money damages against any federal agency or its employees in their official capacity are barred by sovereign immunity. Doc. 47 at 6–12.

Plaintiff's objections to the report do not refute those findings. He emphasizes the assistance he provided to the government in a criminal investigation, Doc. 51 at 2–3, but that assistance is not disputed for the purpose of defendants' motion. The magistrate judge expressly based his findings "on the assumption that Plaintiff's allegations are true." Doc. 47 at 12.

Plaintiff disagrees with the report's depiction of the chronology of events. Doc. 51 at 3–4. But that dispute is immaterial to the findings that warrant granting defendants' motion: that the attorney general has exclusive authority to determine whether an individual receives federal protection, that sovereign immunity bars money-damages claims against the government and its officials in their official capacity, and that plaintiff failed to state a *Bivens* claim.

Plaintiff also alleges failures by the Cherokee County sheriff's department in addressing threats to his safety. Doc. 51 at 4–6. But neither Cherokee County nor any of its officials are parties to this suit. And, as the magistrate judge explained, plaintiff's ability to bring suit against his jailors pursuant to 42 U.S.C. § 1983 for any alleged indifference to his safety is reason not to extend the limited remedy created in *Bivens* to this case. Doc. 47 at 11.

Finally, plaintiff seeks "a grace period" to allow him time to cure the "fatal flaw" in his case. Doc. 51 at 6. But plaintiff has not moved to amend his complaint or submitted a proposed amendment. And even if he did so, the court would deny leave to amend because there is nothing plaintiff can allege that would overcome sovereign immunity or the conclusion, as a matter of law, that the facts of his case do not state a claim for which relief can be granted. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

The court disagrees, however, with the magistrate judge's recommendation to dismiss all of the claims with prejudice. Sovereign-immunity dismissals are dismissals for lack of subject-matter jurisdiction and must be without prejudice. *Nguyen v. United States Postal Service*, No. 23-30547, 2024 WL 655578, at *2 (5th Cir. Feb. 16, 2024).

Accordingly, the court overrules plaintiff's objections and accepts the report's findings and recommendations except as to the prejudicial effect of the sovereign-immunity dismissal. Defendants' motion to dismiss (Doc. 29) is granted. The claims for

injunctive and declaratory relief and the *Bivens* claims are dismissed with prejudice for failure to state a claim. *See* 28 U.S.C. §§ 1915A(b), 1915(e)(2). The claims for money damages against the federal government and its agents in their official capacity are dismissed without prejudice. Any pending motions are denied as moot.

*So ordered by the court on January 6, 2025.*

J. CAMPBELL BARKER
United States District Judge